IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LAMEEK SHALAM JOHNS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:14cv00150 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| D.N. FARMER, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Lameek Shalam Johns, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging claims of excessive force and failure to protect. The defendants moved for summary judgment, and Johns responded thereto, making this matter ripe for disposition. Having reviewed the record, I conclude that the defendants are entitled to summary judgment and, therefore, will grant their motions.

I.

Johns alleges that on March 23, 2014, while housed at Red Onion State Prison ("ROSP"), defendant Officers Farmer, Deel, Bentley, and Smith used excessive force against him during a cell extraction and that defendants Sgt. Hall, Sgt. J.M. Messer, Capt. McCowan, Lt. Fleming, and Lt. Kiser all watched the use of excessive force and failed to intervene. Johns also alleges that defendants Grievance Coordinator J. Messer, Warden Mathena, Regional Ombudsman Hinkle, Administrative Assistant Davis-Bryan, Operations Manager Thornton, and Virginia Department of Corrections ("VDOC") Director Clarke failed to prevent the March 23, 2014 use of excessive force.

Defendants have filed an answer, denying the use of force and failure to protect, as well as motions for summary judgment, supported by an affidavit and exhibits, arguing, *inter alia*, that Johns failed to exhaust his administrative remedies before filing this action. Johns has

responded with his own motions for summary judgment, alleging, *inter alia*, that his claims are exhausted.

## II.

Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In order to preclude summary judgment, the dispute about a material fact must be "'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). If the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 250. In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

## III.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

2

Case 7:14-cv-00150-NKM-RSB   Document 58   Filed 03/27/15   Page 2 of 5   Pageid#: 492

remedies as are available are exhausted." 42 U.S.C. 1997e(a). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). "'[T]he language of section 1997e(a) clearly contemplates exhaustion *prior* to the commencement of the action as an indispensible requirement, thus requiring an outright dismissal [of unexhausted claims] rather than issuing continuances so that exhaustion may occur.'" *Carpenter v. Hercules*, No. 3:10cv241, 2012 U.S. Dist. LEXIS 72096, at *12, 2012 WL 1895996, at *4 (E.D. Va. May 23, 2012) (emphasis in original) (quoting *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003)). The exhaustion requirement "allow[s] a prison to address complaints about the program it administers before being subjected to suit, reduc[es] litigation to the extent complaints are satisfactorily resolved, and improv[es] litigation that does occur by leading to the preparation of a useful record." *Jones*, 549 U.S. at 219. Failure to exhaust all levels of administrative review is not proper exhaustion and will bar an inmate's § 1983 action. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

The defendants submit an affidavit of J. Messer, the Grievance Coordinator at ROSP, who attests that Johns has not exhausted administrative remedies concerning the March 23, 2014 alleged use of force and failure to protect claims. Johns signed and dated his § 1983 complaint on March 30, 2014, just seven days after the alleged incident. Having reviewed all the grievances and other institutional documents filed by all parties, the only documents which Johns filed after the alleged incident and before filing this complaint were three Emergency Grievances, dated March 23, 25, and 26, 2014, and two Offender Requests, both dated March 30, 2014 and directed to the Medical Department.

3

Case 7:14-cv-00150-NKM-RSB   Document 58   Filed 03/27/15   Page 3 of 5   Pageid#: 493

In the March 23, 2014 Emergency Grievance, Johns stated that Officers Deel, Newberry, and Bentley used excessive force against him after a cell search by injuring his wrist when they pulled it through a tray slot. Johns requested medical treatment for his wrist. The March 25, 2014 Emergency Grievance stated that the bridge of Johns' nose was "sore and swelling up," the back of his head was sore, and he had a "major headache." Johns did not state why his nose and head were sore, did not name any defendants, and did not request any treatment. The March 26, 2014 Emergency Grievance stated that when Johns woke up, "blood was leaking from [his] nose heav[ily] and rapidly" and was still bleeding when he filed the grievance. Johns did not allege what caused his nose bleed, did not name any defendants, and did not explicitly request any treatment.

In one of the March 30, 2014 Offender Requests, Johns stated that his wrist was injured on March 23, 2014 and that since then he experienced severe pain and numbness in his wrist. Johns asked for a medical appointment to have his wrist x-rayed. The other Offender Request stated that a nurse assessed him after his nose was "busted open" on March 23, 2014 and requested the results of that assessment. Neither of the Offender Requests named any of the defendants or indicates that excessive force was used against him or that anyone failed to protect him from harm.

Pursuant to Virginia Department of Corrections Operating Procedure ("OP") 866.1, prior to submitting a formal grievance, an offender should demonstrate that he has made a good faith effort to resolve the issue informally using an Informal Complaint. OP 866.1(IV)(B). If the offender is not satisfied with the resolution of the Informal Complaint, he must file a Regular Grievance within thirty calendar days from the date of the incident and the offender must attach documentation of his attempt to informally resolve the issue. OP 866.1(VI)(A). If a grievance is

accepted during the intake process, there are up to three levels of review available for regular grievances.

In this case, it is clear that Johns did not exhaust available administrative remedies prior to filing this action, and Johns has not alleged or demonstrated the grievance process was otherwise unavailable to him. Accordingly, I will grant defendants' motions for summary judgment.[1]

**ENTER**: This 27th day of March, 2015.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] I note that in granting the defendants' motion for summary judgment, I will dismiss this action without prejudice to Johns' opportunity to refile his claims in a separate action if he exhausts available remedies provided by OP 866.1.

5